**UNITED STATES of America, Plaintiff,**

v.

**Dickie Edward TOLER, Defendant.**

**Crim. No. 2:88–00020.**

United States District Court,
S.D. West Virginia,
Charleston Division.

May 11, 1988.

Dwayne L. Tinsley, Asst. U.S. Atty., Charleston, W.Va., for plaintiff.

Ira Kirkendoll, Federal Public Defender, Charleston, W.Va., for defendant.

## ORDER

HADEN, Chief Judge.

This matter is currently before the Court on the Defendant's motion, pursuant to 18 U.S.C. § 3145(b), for revocation or amendment of the detention order entered on April 25, 1988, by Jerry D. Hogg, United States Magistrate, after a hearing held pursuant to 18 U.S.C. § 3142(f). Having considered the arguments of counsel and carefully reviewed the transcript of the proceedings before the Magistrate, the Court now rules on the Defendant's motion.

Revocation of the detention order is sought for two reasons. First, the Defendant argues that he has not been charged with a crime of violence as defined at 18 U.S.C. § 3156(a)(4), and so detention on the basis of a finding of dangerousness is not authorized by 18 U.S.C. § 3142. Second, the Defendant argues that, moreover, the Government has failed to present clear and convincing evidence of his dangerousness.

As his reasons for detention, the Magistrate found

> "that the defendant took pornographic pictures of a 12–year old female who is the natural daughter of his wife and otherwise sexually molested the said female, and, therefore, no condition or combination of conditions will reasonably assure the safety of the community."

Referring to this as a finding of dangerousness, the Defendant asserts that dangerousness provides a ground for detention only if the Government can establish that the offense charged falls within one of four categories set forth at 18 U.S.C. § 3142(f)(1).[1]

The Government asserted that the offenses charged[2] in this case fall within the category labelled "crime[s] of violence." 18 U.S.C. § 3142(f)(1)(A). The Defendant argues at length that the offenses contained in 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 2423 are not crimes of violence as defined by 18 U.S.C. § 3156(a)(4).[3] Therefore, the Defendant contends, there was no foundation for the Magistrate's finding the Defendant to be a danger to the community.[4]

■ Certainly, a finding of dangerousness might be appropriate in a case involving a crime of violence. 18 U.S.C.

---

1. The Defendant does not argue with the proposition that detention also may be ordered on the basis of a perceived flight risk. In its request for a hearing, the Government also cited flight risk as an alternative basis for detention. However, the Magistrate found that the Defendant was not a flight risk, and the Court agrees with that finding. Therefore, the only issue presented for determination is whether the Defendant can be detained on a finding of dangerousness to any other person and the community.

2. The Defendant is charged with one count of transporting in interstate commerce sexually explicit photographs of a minor, in violation of 18 U.S.C. § 2252(a)(1), and two counts of transporting a minor in interstate commerce with the intent that such individual engage in prohibited sexual conduct, in violation of 18 U.S.C. § 2423.

3. A crime of violence is defined as:
   "(A) an offense that has as an element of the offense the use, attempted use, or threatened

use of physical force against the person or property of another, or
   (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."
18 U.S.C. § 3156(a)(4). The Defendant strenuously argues that the offenses charged in this case are not crimes of violence because the use of physical force is not an element of either offense, nor is there a substantial risk that physical force might be used in the course of committing these offenses. Because of the Court's ruling herein, it is unnecessary to consider the question of whether these offenses fall within the statutory definition of a crime of violence.

4. The Magistrate concluded that the Government's allegation that the Defendant was a flight risk was a sufficient basis for his order, even though that was not the reason for detention.

§ 3142(f)(1)(A). Such a finding is also authorized, however, under other circumstances. Detention may be considered

"upon the judicial officer's own motion, in a case that involves—

\* \* \* \* \* \*

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

18 U.S.C. § 3142(f)(2). *See also United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Having established an alternative ground upon which to base a finding of dangerousness, the Court now addresses the Defendant's argument regarding the Government's burden of proof on the question of dangerousness.

"The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."

18 U.S.C. § 3142(f). The Defendant contends that the Government failed to establish dangerousness by clear and convincing evidence and, in fact, presented no evidence regarding the inadequacy of conditions of release. The Defendant argues that the Government, instead, presented only information regarding his guilt of the offenses charged. This presentation was intended, according to the Defendant, to result in "an emotional response rather than a reasoned legal conclusion."

■ The ultimate question to be determined regarding detention, if risk of flight is not an issue, is whether any condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e). However, in arriving at that determination, the Court must consider a variety of factors, including

"(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) this history and characteristics of the person ...; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release...."

18 U.S.C. § 3142(g). From this evidence, it is the Court's responsibility to make findings of fact, 18 U.S.C. § 3142(i)(1), from which to determine whether any conditions of release would assure the safety of any other person and the community. 18 U.S.C. § 3142(f). The Court, therefore, may make its determination regarding detention in the absence of direct evidence on the question of the adequacy or inadequacy of the conditions of release. Of course, if the Court determines that detention is appropriate, the findings supporting that decision must be based on clear and convincing evidence.

■ Based upon the foregoing, and upon careful consideration of the matters raised and presented by way of the Defendant's motion and the transcript of proceedings before the Magistrate, the Court believes that this case involves a serious risk that the Defendant will threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness, the alleged victim of the offenses charged. The Court further believes that no condition or combination of conditions will reasonably assure the safety of that witness and the community.

In support of these determinations, the Court states the following findings and reasons for detention, as established by clear and convincing evidence:

1. The victim of the alleged offenses is a thirteen-year old girl who could be easily threatened, injured, or intimidated by the Defendant.

2. The alleged victim will be a primary witness against the Defendant at trial.

3. The offenses charged are of an extremely serious nature and the circumstances giving rise to these charges, that

is, sexual conduct with a minor child, indicate the potential for serious harm to the victim, unless the Defendant is detained.

4. There is substantial evidence to show that the Defendant committed the offenses charged.

5. The Defendant's release would pose a serious danger to the victim in terms of the potential for continued abuse or threats, injury, or intimidation by the Defendant.

Based on these findings and reasons, the Court ORDERS as follows:

1. Pending trial, the Defendant Dickie Edward Toler, shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.